UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Fort Lauderdale Division

CLASFORD JONES,

    Plaintiff,

vs.                                             **Complaint — Jury Trial Demanded**

HOLLYBROOK GOLF & TENNIS CLUB
CONDOMINIUM, INC., and WILLIAM
KIRCHNER, individually,

    Defendants.
_____/

Plaintiff, Clasford Jones, sues defendants, Hollybrook Golf & Tennis Club Condominium, Inc., and William Kirchner, individually, and shows:

## Introduction

1. This is an action race brought by a black Jamaican assistant general manager of a condominium who was fired July 15 by an incoming condominium association president who declared that he wanted to make "changes" — changes that also included firing a Hispanic maintenance-department assistant, firing a black inventory control manager and hiring a white to replace him, demoting five black and Hispanic supervisors and promoting two white employees with substantially less experience to


**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL 33301 • 954.462.1983

supervise them. Jones sues for damages, including punitive, injunctive relief, attorney's fees and litigation expenses.

## Jurisdiction and Venue

2. This is an action arising under 42 U.S.C. § 1981. This court has federal-question jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Fort Lauderdale division of the United States District Court for the Southern District of Florida because the claims arose in Broward County, Florida.

## Parties

4. Plaintiff, Clasford Jones ("Jones"), is a black Jamaican who at all times material was employed by defendant Hollybrook Golf & Tennis Club Condominium, Inc.

5. Hollybrook Golf & Tennis Club Condominium, Inc. ("Hollybrook") is a Florida not-for-profit corporation.

6. William Kirchner ("Kirchner"), who is white, is the president of Hollybrook.

## Satisfaction of conditions precedent

7. All conditions precedent to the filing of this action have been satisfied or waived.

## General Allegations

8. Jones began working for Hollybrook in 1988 as a maintenance electrician, earning promotions in 1990 to assistant supervisor for maintenance, in 1993 to supervisor of maintenance, and in 1997 to assistant general manager.

9. Jones, who in 2000 obtained a Florida property manager's license, was qualified for his job.

10. Jeff Roarke, the general manager, nonetheless summoned Jones into the president's office Friday, July 15, at which point Kirchner, the president, told Jones that he was "making changes" and that "we've got to get rid of you."

11. The announcement was preceded by no warning, nor any notice of performance issues, and was accompanied by promises of favorable job recommendations.

12. Kirchner then informed the Hollybrook board of directors of what he had done, stating that he got rid of Jones because he discovered that Hollybrook has "two assistant general managers," referring to Jones and Joe Pellegrino.

13. Pellegrino, who is white, however, was Jones' subordinate as "maintenance coordinator" and does not have the property manager's license that is necessary for an assistant general manager.

14. Kirchner renamed Pellegrino's position as "maintenance supervisor," demoting Randy Constance, a black, to assistant maintenance supervisor, and Icarfens Nicaisse, the black Haitian assistant supervisor, back to rank-and-file laborer.

15. Kirchner since taking office also has:

   a. demoted to rank-and-file laborers Larry Keys, a black with 25 years at Hollybrook, from landscaping supervisor, and William Bonilla, a Hispanic with approximately 15 years on the job, from irrigation supervisor;

   b. promoted Mike Donovan, a white, from exterminator to landscaping supervisor, supervising both Keys and Bonilla; and

   c. fired Richard Ford, a black man who had worked at Hollybrook for approximately 10 years, most recently as supervisor of inventory control, immediately replacing him with Chris Andrisani, a white whom Hollybrook just hired.

16. The racially discriminatory conduct of Hollybrook and Kirchner, proximately, directly, and foreseeably caused plaintiff damages, including but not limited to lost wages and benefits, future pecuniary losses,

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

17. The racially discriminatory conduct of Hollybrook and Kirchner was in such flagrant disregard of the federally protected rights of Jones to be free from racial discrimination as to justify an award of exemplary damages to punish Hollybrook and Kirchner and to prevent them, and others, from engaging in racial discrimination in the future.

18. Jones has no plain, adequate, or complete remedy at law for the actions of Hollybrook, which have caused, and continue to cause, irreparable harm.

19. Hollybrook and Kirchner's conduct, as more particularly alleged above, violated Jones's federal statutory rights against race discrimination, damaged him and is continuing to cause him irreparable harm.

20. Plaintiff is entitled to recover attorneys fees and litigation expenses under 42 U.S.C. § 1981(a).

WHEREFORE, Plaintiff, Clasford Jones prays that this court will grant judgment:

**One**, permanently enjoining defendant Hollybrook, its officers, agents, servants, employees and all other persons in active concert or participation

with it, including but not limited to Kirchner, from violating § 1981's prohibition against race discrimination as to him;

*Two*, awarding judgment against Hollybrook for the back pay and benefits to which Jones would have been entitled but for Hollybrook and Kirchner's racially discriminatory acts;

*Three*, awarding judgment against Hollybrook and Kirchner for compensatory damages;

*Four*, awarding judgment against Hollybrook and Kirchner for punitive damages;

*Five*, awarding plaintiff his costs, including a reasonable attorney's fee; and

*Six*, granting such other and further relief as is just.

**Demand for Jury Trial**

Plaintiff, Clasford Jones, demands trial by jury on all issues so triable.

Respectfully Submitted,

/s/ *William R. Amlong*
WILLIAM R. AMLONG
Florida Bar No: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No: 275565
KAmlong@TheAmlongFirm.com
ADAM KEMPER
Florida bar Number 89099
AKemper@TheAmlohgFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, FL 33301-1154
(954) 462-1983

***Attorneys for Plaintiff***