UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 11-61643-CIV-DIMITROULEAS/SNOW

CLASFORD JONES,

    Plaintiff,

vs.

HOLLYBROOK GOLF & TENNIS
CLUB CONDOMINIUM, INC., and
WILLIAM KIRCHNER,

    Defendants.
_____/

## JOINT PRE-TRIAL STIPULATION

Plaintiff, Clasford Jones ("Plaintiff" or "Jones"), and Defendants, Hollybrook Golf & Tennis Club Condominium, Inc., and William Kirchner ("Defendants," "Hollybrook" or "Kirchner"), through undersigned counsel and pursuant to the Order Setting Civil Date & Discovery Deadlines [DE 9], Federal Rule of Civil Procedure 26(a)(3), and Southern District of Florida Local Rule 16.1(e), file their Joint Pre-trial Stipulation in this matter as follows:

**1.    STATEMENT OF THE CASE**

<u>Plaintiff</u>.  This is a race discrimination action brought by Clasford Jones, the former assistant general manager for Hollybrook Golf & Tennis Club Condominium, Inc., against Hollybrook and its president, William Kirchner.   Jones sues pursuant to 42 U.S.C. § 1981 for damages, including punitive damages, injunctive relief, attorney's fees and litigation expenses.

<u>Defendants:</u>    Defendants deny Plaintiff's claims in their entirety.   Defendants state that Plaintiff was terminated for legitimate non-discriminatory reasons that were in no way related to

Page 1

his race. Specifically, Defendants' business operations underwent a complete restructuring due to the inefficient production of the former system. Defendants determined after an investigation that there were too many management positions and not enough employees in the workforce itself. This was especially true in the maintenance department. Plaintiff's position, along with other supervisory positions, was eliminated. Following the restructuring, no employees were hired to replace Plaintiff. Rather, as part of the restructuring, the job duties formerly held by Plaintiff were absorbed by other, current employees. Plaintiff was given a severance package, including unpaid vacation time, and Plaintiff was offered a letter of recommendation for future employers. Defendants have also asserted certain affirmative defenses, including but not limited to: Defendants are entitled to a set-off for any and all collateral sources or monies paid to or for the benefit of the Plaintiff or otherwise available to him, including but not limited to unemployment compensation benefits; the Plaintiff has failed to mitigate his alleged losses, injuries or damages, and, therefore, Defendants are not responsible to the extent that Plaintiff could have mitigated his damages, and Plaintiff has barred or diminished his entitlement to damages, Plaintiff fails to state a claim upon which relief can be granted; all actions taken by Defendants with regard to the Plaintiff's employment were based on legitimate business considerations, and non-discriminatory, non-retaliatory reasons, and Defendants had a reasonable belief such actions were not in violation of Title VII or any applicable statute; Defendants allege that all acts taken by it or anyone acting on its behalf were just, fair, privileged, with good cause, in good faith, without malice or intent to discriminate, and for lawful and legitimate, non-discriminatory reasons; Defendants have made good faith efforts to prevent discrimination in its workplace and cannot be liable for the decisions of its agents, or punitive damages, to the

extent that the challenged employment decisions were contrary to its efforts to comply with discrimination statutes; and Plaintiff was employed on an "at will" basis, and Defendants were free to terminate his employment at any time, and for any reason, provided it did not violate state or federal law. Plaintiff was not employed by way of a written contract, and Defendant terminated Plaintiff's position for legitimate, lawful purposes.

**2.     BASIS OF FEDERAL JURISDICTION**

The Court has original jurisdiction to consider the case under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4) by virtue of Plaintiff's claim of discrimination under 42 U.S.C. § 1981.

**3.     THE PLEADINGS RAISING THE ISSUES**

    A.   Complaint — Jury Trial Demanded [DE 1]

    B.   Defendants', Hollybrook Golf & Tennis Club Condominium, Inc. and William Kirchner's, Amended Answer, Affirmative Defenses and Demand for Jury Trial [DE 29].

**4.     LIST OF UNDISPOSED OF MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT**

    A.   Plaintiff's motion in limine.

**5.     CONCISE STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL**

    A.   The Court has jurisdiction over this action.[1]

    B.   Clasford Jones, is a black Jamaican, who, at all times material, was employed by Hollybrook Golf & Tennis Club Condominium, Inc. as assistant general manager.[2]

---

[1] Complaint, ¶¶ 2, 3; Amended Answer, ¶¶ 2, 3.

[2] Complaint, ¶ 4; Amended Answer, ¶ 4.

    C.      Hollybrook Golf & Tennis Club, Inc., is a Florida not-for-profit corporation.[3]

    D.      William Kirchner, who is white, is the president of Hollybrook Golf & Tennis Club Condominium, Inc.[4]

    E.      Clasford Jones, who in 2000 obtained a Florida property manager's licenses, was qualified for his job.[5]

6. **ISSUES OF FACT REMAINING TO BE LITIGATED AT TRIAL**

<u>Plaintiff's statement of facts with which Defendants do not agree</u>

    A.      Whether Defendants discriminated against Plaintiff based on his race.

    B.      To how much, if any, damages is Plaintiff entitled.

    C.      Whether Defendants willfully engaged in race discrimination as to entitle plaintiff to punitive damages.

    D.      To what other relief, including equitable relief, is plaintiff entitled.

<u>Defendants' statement of facts with which Plaintiff does not agree</u>

    A.      Whether the Plaintiff can establish a prima facie case of race discrimination against the Defendants.

    B.      What amount, if any, Plaintiff is entitled to receive as back pay and benefits, front pay and/or compensatory damages.

    C.      Whether the Plaintiff is entitled to punitive damages.

    D.      To what other relief, if any, is Plaintiff entitled.

---

[3] Complaint, ¶ 5; Amended Answer, ¶ 5.

[4] Complaint, ¶ 6; Amended Answer, ¶ 6.

[5] Complaint, ¶ 9 Amended Answer, ¶ 9.

**7.     STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

     A.     Jurisdiction and venue are proper in this Court.

     B.     Title 42 U.S.C. § 1981 applies to this action.

**8.     CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT**

     <u>Plaintiff's statement</u>

     A.     Evidentiary issues that may arise at trial.

     B.     Plaintiff's entitlement to and amount of attorneys' fees, costs, and litigation expenses.

     C.     Plaintiff's entitlement to equitable relief (such as reinstatement or front pay) or any other relief this Court deems proper.

     D.     Any issues of law implicit from the issues of fact.

     <u>Defendants' statement</u>

     A.     Defendants' entitlement to an award of attorneys' fees, costs and litigation expenses.

     B.     All evidentiary issues and all other issues of law arising during trial.

**9.     TRIAL EXHIBITS**

Plaintiff's list of trial exhibits is attached as Exhibit 1.   Defendants' list of trial exhibits is attached as Exhibit 2.

**10.    TRIAL WITNESSES**

Plaintiff's list of trial witnesses is attached as Exhibit 3.   Defendants' list of trial witnesses is attached as Exhibit 4.

**11.    ESTIMATED TRIAL TIME**

The parties estimate that the jury trial will take approximately 5 days to complete.

## 12. ATTORNEYS' FEES

<u>Plaintiff's statement</u>. If Plaintiff prevails at trial, the Court will determine entitlement and the amount of attorneys' fees and costs after trial. Plaintiff's current attorneys' fees are approximately $67,000. Plaintiff estimates that he will have incurred at least $120,000 to $140,000 in attorneys' fees through the conclusion of post-trial motions. Plaintiff's costs to date are approximately $4,800.00. He estimates he will have incurred at least $7,000 - $10,000 in total costs through the conclusion of post-trial motions.

<u>Defendants' statement</u>. Defendants assert that they will be entitled to an award of attorneys' fees and costs if Defendants prevail, and the Court finds that the Plaintiff litigated in bad faith, or his claims were frivolous, unreasonable, or without foundation, or that special circumstances exist to award fees. *See, e.g.*, Title VII.

Respectfully submitted

| | |
|---|---|
| s/ Jennifer Daley | s/ Jessica Anderson |
| WILLIAM R. AMLONG | JESSICA ANDERSON |
| Florida Bar Number: 470228 | Florida Bar No.: 053018 |
| wramlong@TheAmlongFirm.com | jessica.anderson@csklegal.com |
| JENNIFER DALEY | COLE, SCOTT & KISSANE, P.A. |
| Florida Bar Number 856436 | Attorneys for Defendants |
| jdaley@theamlongfirm.com | 1645 Palm Beach Lakes Blvd., 2nd Floor |
| AMLONG & AMLONG, P.A. | West Palm Beach, Florida 33401 |
| 500 N.E. Fourth St., Second Floor | Telephone: (561) 383-920 |
| Fort Lauderdale, FL   33301 | Facsimile: (561) 683-8977 |
| (954) 462-1983 Telephone | |
| (954) 523-3192 Facsimile | *Attorneys for the Defendants* |

*Attorneys for the Plaintiff*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the United States District Court for the Southern District of Florida and thereby electronically transmitted to counsel of record.

s/ Jennifer Daley
JENNIFER DALEY

### Service List: Case Number: 11-61643-CIV-DIMITROULEAS/SNOW

| | |
|---|---|
| JENNIFER DALEY | JESSICA ANDERSON |
| Florida Bar Number 856436 | Florida Bar No.: 053018 |
| jdaley@theamlongfirm.com | jessica.anderson@csklegal.com |
| WILLIAM R. AMLONG | JAMES SPARKMAN |
| Florida Bar Number: 470228 | Florida Bar No.: 396966 |
| wramlong@TheAmlongFirm.com | james.sparkman@csklegal.com |
| AMLONG & AMLONG, P.A. | COLE, SCOTT & KISSANE, P.A. |
| 500 N.E. Fourth St., Second Floor | Attorneys for Defendants |
| Fort Lauderdale, FL   33301 | 1645 Palm Beach Lakes Blvd., 2nd Floor |
| (954) 462-1983 Telephone | West Palm Beach, Florida 33401 |
| (954) 523-3192 Facsimile | Telephone: (561) 383-920 |
| | Facsimile: (561) 683-8977 |
| *Attorneys for Plaintiff* | *Attorneys for the Defendants* |